**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4401**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ANDRE SHAWN GREEN, a/k/a Andre Greene, a/k/a Dre,

                Defendant - Appellant.

---

**No. 10-4655**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

TYRONE BLOCKER,

                Defendant - Appellant.

---

**No. 10-5085**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

DAVID LYNN WADDELL,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, District Judge. (5:08-cr-00944-MBS-10; 5:08-cr-00944-MBS-22; 5:08-cr-00944-MBS-12)

_____

Submitted: June 30, 2011                    Decided: July 13, 2011

_____

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

C. Frederic Marcinak, III, SMITH MOORE LEATHERWOOD, LLP, Greenville, South Carolina; Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina; Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellants. William N. Nettles, United States Attorney, Jimmie Ewing, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Shawn Green pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006); David Lynn Waddell pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; and Tyrone Blocker pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute and distribution of cocaine within 1000 feet of a school and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C. § 841(a) (2006). The district court sentenced Green to 120 months of imprisonment, Waddell to sixty months of imprisonment, and Blocker to 168 months of imprisonment, and they now appeal. The Government has asserted the waiver of appellate rights contained in each Appellant's plea agreement. For the reasons that follow, we dismiss the appeals.

On appeal, Green argues that his guilty plea was not knowing and voluntary and that the Fair Sentencing Act should be retroactively applied to him. Waddell argues that he was eligible for the safety valve under the Sentencing Guidelines. Blocker argues that the district court erred in applying an enhancement under the Guidelines for possession of a firearm.

3

All three Appellants argue that the appeal waivers should not be enforced.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United

4

States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

This court will find that a "waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (citing Wessells, 936 F.2d at 168). In addition, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

We have thoroughly reviewed the record and conclude that Green's guilty plea was entered into knowingly and voluntarily and that all three Appellants' plea agreements are

5

valid and enforceable. Moreover, the Appellants knowingly and intelligently agreed to waive their rights to appeal and the issues they raise fall within the scope of their respective appellate waivers.

Accordingly, we dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED

6